ELIHU HOWLAND et al., appellants,

*v.*

JAMES A. BRADLEY, respondent.

On appeal from a decree advised by Vice-Chancellor Bird, whose conclusions were as follows:

The bill in this case is demurred to because the bill does not show that the parties concluded the agreement sought to be enforced; and because, if they did conclude their agreement, it is so imperfect or uncertain as to be incapable of execution by the court.

The defendants signed and delivered to the complainant a writing in these words:

"NEW HAVEN, May 19th, 1880.
" In consideration of one dollar, the receipt of which is hereby acknowledged, we agree to sell to James A. Bradley, or his assigns, a tract of land near New Branch, New Jersey, containing about eighty acres, for one hundred and eighty-seven dollars and fifty cents per acre—eight thousand dollars cash, and the balance in three years; said James A. Bradley to forfeit five hundred dollars if he fails to take the title in thirty-five days from date, provided William H. Vredenburgh or other competent lawyers pronounce the title good."

The $500 was paid at the delivery of this instrument.

My judgment is, that there was a completed contract, subject, of course, to be rejected by Bradley in case the person named or referred to pronounced the title defective. In this particular, I do understand it comes within the purview of the case of *Potts* v. *Whitehead, 5 C. E. Gr. 55.* The parties distinctly and unqualifiedly agreed to what was written—the vendors by signing and

delivering, and the vendee by accepting and paying his $500. There were the mutual understanding and assent required by the law. The fact that conditions as to time of performance and as to title were introduced, cannot possibly make any difference on this head.

The parties assented as well to these conditions as to every other branch of the contract. Counsel for defendants insists that there was no unconditional acceptance of the offer by the complainant. He says that the complainant only promised to pay and accept the title on condition that the title was pronounced good by Mr. Vredenburgh. Not so at all. He overlooks the fact that the condition is not in the acceptance, but in the offer which is accepted. The condition comes, not from the complainant, but from the defendants. It might have served either party to defeat the performance of the agreement had either taken advantage of it; it certainly would have availed the complainant. But the consequences which may flow from such a condition is one thing; whether the instrument of which it forms a part may be called an agreement, or bond, or deed, in the eye of the law, is quite a different thing.

I therefore pronounce the contract complete.

But it appears by the bill that Mr. V. did pronounce the title defective. This fact is pressed in behalf of the defendants. It should not prevail at this time. The complainant did not reject the contract nor repudiate his obligation, nor did the defendants. They corresponded with each other fully about the title. The defendants suggested a modification of the contract, but no more; they went so far as to file a bill to remove all defects of title, and while that is pending, the complainant, their vendee, files his bill, and asks from them so much as they can give. That, upon general principles, the vendee can do this is no longer questioned. Nothing presents itself in this case which removes it from the general rule. At all events, under the circumstances of the case, a court of equity is bound to consider whatever rights the defendants had, and which they might have exercised at one time under the agreement; that those rights have been waived.

But it is claimed that if the agreement was mutual, it cannot

be enforced, because of uncertainty. It is said the contract is uncertain with respect to the payment of interest on and the security to be given for a large part of the purchase-money. There is not a word said about interest in the writing. The agreement therein expressed requires the payment of $8,000 on the delivery of the deed, and the balance of the purchase-money in three years.

There never was anything more plainly written than that. The balance, which is to be paid in three years, does not, by the terms of the contract, carry interest. That is the agreement. The parties had a right so to agree. If the writing does not express the understanding of the parties, another question is presented, but not raised, as the case now stands. Then, as to security: The vendors have their lien—may still have the deed. The agreement, respecting the payment of the consideration can be made a part of the deed. All the world will have notice. This court will have jurisdiction, and can enforce the lien.

I will advise a decree overruling the demurrer, with costs.

*Mr. William S. Gummere,* for appellants.

*Mr. William H. Vredenburgh,* for respondent.

PER CURIAM.

This decree unanimously affirmed, for the reasons given by Vice-Chancellor Bird.